﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190930-35014
DATE: December 31, 2019

ORDER

Service connection for obstructive sleep apnea (OSA), to include as secondary to the Veteran's service-connected posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, his obstructive sleep apnea (OSA) was aggravated by his service-connected PTSD.

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for service connection on a secondary basis for OSA have been met. 38 U.S.C. § 1110, 5107; 38 C.F.R. § 3.303, 3.310. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1965 to January 1989. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with decision by the Department of Veterans Affairs (VA) on their claims to seek review. This decision has been written consistent with the new AMA framework.

The issue was presented to the Board as whether new and relevant evidence has been received sufficient to readjudicate the claim of entitlement to service connection for OSA. However, the Board finds that the original claim for service connection is still pending and therefore new and relevant evidence is not required to adjudicate the issue on the merits.

The Veteran filed his claim for service connection in April 2017. A July 2017 rating decision denied the claim, and notice was sent to the Veteran in July 2017. Shortly thereafter, the Veteran submitted articles establishing a relationship between PTSD and sleep disturbance, copies of other Board decisions granting claims of entitlement to service connection for sleep apnea secondary to PTSD, and a statement from T. C., a fellow and diplomate from the American Board of Medical Psychotherapists and Psycho-diagnosticians, who opined that the Veteran’s PTSD aggravates his OSA. This evidence constitutes new and material evidence submitted within one year of the notification of the denial. Thus, under 38 C.F.R. § 3.156 (b), the July 2017 decision did not become final. 

An August 2017 rating decision denied reopening this issue based on no new and material evidence. Thereafter, the Veteran submitted a timely Notice of Disagreement (NOD). Thus, this denial did not become final. 

An August 2019 rating decision again denied reopening this issue based on no new and relevant evidence. In August 2019, the Veteran appealed the August 2019 RO decision directly to the Board, electing the “direct review” process. As a result, the Board finds that the original July 2017 claim of entitlement to service connection for OSA is still pending.

Based on the Veteran’s choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision” and no additionally submitted evidence may be considered.

1. Service connection for sleep apnea, to include as secondary to the Veteran's service-connected posttraumatic stress disorder (PTSD) is granted. 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. Generally, service connection requires (1) the existence of a present disability; (2) in-service incurrence or aggravation of an injury or disease; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection may also be granted on a secondary basis for a disability that is proximately due to or the result of a service-connected disease or injury, or aggravated by such. 38 C.F.R. § 3.310.

The Veteran is seeking service connection for sleep apnea on the basis that it was caused or aggravated by his service-connected PTSD.

The Veteran’s post-service treatment records indicate that he was diagnosed with OSA in February 2017. See March 2017 Southern Sleep Clinics Opinion. The Veteran is also service-connected for PTSD. Such is sufficient to meet the first and second elements for secondary service connection. 

Turning to whether there is a nexus between the Veteran’s sleep apnea and his service-connected PTSD, in a January 2008 VA treatment note, the Veteran reported poor sleep quality and generalized fatigue. A sleep study was recommended. 

A February 2016 psychiatry outpatient note reports the Veteran’s inability to initiate and maintain sleep. Veteran requested medication to treat these sleeping issues. 

The Veteran underwent a private PTSD evaluation from August 2015 to May 2016. The examiner, T. C., a licensed psychotherapist from the American Board of Medical Psychotherapists and Psycho-diagnosticians, noted several times in his report that the Veteran’s sleep is affected by his PTSD symptomology. He documented the Veteran’s report that due to the difficulty he experiences going to sleep, he drinks to initiate sleep. When able to fall asleep, the Veteran maintains he is often startled out of near sleep, his sleep is fitful and disturbed, and upon wakening in the morning he typically feels tired. With this information, the examiner referred the Veteran to a sleep study expert. 

A June 2016 psychology note records the Veteran’s report that his PTSD is improving due to medication management and his PTSD support group, and as a result he can now initiate sleep, and have a “good night’s sleep” about 2 to 3 nights a week. 

In August 2016, the Veteran reported finding the right combination of medications to address the issue of initiating sleep. 

A sleep study was conducted in February 2017, and the Veteran was diagnosed with mild OSA. Poor sleep efficiency and mild periodic limb movements were noted. He was prescribed a CPAP machine for treatment. 

In March 2017, Dr. Labanowski opined that it is more likely than not that the Veteran’s PTSD is an aggravating factor to his sleep apnea. He notes his opinion is based on his experience and knowledge of the Veteran’s medical conditions, and medical research showing that chronic activation of stress hormones from PTSD can lead to neutral sensitization leading to upper airway dysfunction such as sleep apnea. Moreover, the examiner explained that the chronic functional somatic symptoms, such as but not limited to nonrestorative sleep, disturbed sleep, waking at night gasping or feeling short of breath as well as daytime sleepiness overlap the signs and symptoms of PTSD (also chronic) making the medical evidence applicable to the relationship between the Veteran’s PTSD as a nexus for his sleep apnea. No specific citations to relevant medical literature was included with this opinion. 

In June 2017 a VA examiner reviewed the available records without an in-person or video telehealth examination based on the opinion that existing medical evidence provided sufficient information on which to prepare the DBQ, and such an examination would likely provide no additional relevant evidence. After review of the record, the examiner opined that the Veteran’s OSA is less likely than not proximately due to or the result of the Veteran’s service-connected PTSD. In support of this conclusion, the examiner explained that while there is an association between OSA and PTSD, there is no medical evidence that reports that PTSD causes OSA. Additionally, the examiner highlighted the August 2016 psychiatrist note when the Veteran reported, “Sleeping Good. Finally got things worked out! Found the right combination.” Based on this statement, the examiner finds the Veteran’s PTSD does not aggravate his sleep apnea beyond its natural course. 

In response to the June 2017 VA opinion, the Veteran submitted a June 2019 statement lending more context to the August 2016 psychiatrist note. The Veteran explained that the August 2016 psychiatrist note referred to the combination of medication required to assist in going to sleep, not the problem of sleep apnea which occurs during sleep. Therefore, he contends this statement had little if anything to do with his PTSD aggravating his sleep apnea. 

A private opinion from T. C., fellow and diplomate from the American Board of Medical Psychotherapists and Psycho-diagnosticians, opined that the Veteran’s OSA is at least as likely as not aggravated by his service-connected PTSD. To support this conclusion, the examiner references medical and behavioral health literature showing chronic activation of stress hormones from PTSD is known to lead neural sensitization leading to upper airway dysfunction such as sleep apnea. No specific citations to medical literature was included with this opinion. 

The Veteran submitted several articles showing the correlation between sleep disturbance conditions, including sleep apnea and PTSD. See July 2017 Correspondence. 

After resolving all reasonable doubt in favor of the Veteran, the Board finds service connection for a sleep apnea disability as secondary to the Veteran’s service-connected PTSD disability is warranted.

There are conflicting medical opinions on the question of whether the Veteran’s current sleep apnea disability is secondary to his service-connected PTSD disability. The June 2017 VA examiner concluded that it was less likely than not that the Veteran’s sleep apnea was proximately due to or the result of the Veteran’s service-connected PTSD, and found PTSD does not aggravate the Veteran’s OSA. However, in March 2017 and July 2017 private opinions, both examiners opined that the Veteran’s PTSD is an aggravating factor to the Veteran’s OSA. 

Under Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993), the Board must assess the credibility and weight to be attached to medical opinions. Provided these opinions include adequate statements of reasons or bases, the Board may favor one opinion over another. Wray v. Brown, 7 Vet. App. 488 (1995). An assessment or opinion by a health care provider is never conclusive and is not entitled to absolute deference. Rather, the Board must consider the weight to be placed on an opinion depending upon the reasoning employed to support the conclusion and the extent to which the physician reviewed prior clinical records and other evidence. Gabrielson v. Brown, 7 Vet. App. 36, 40 (1994). In this case, the Board finds all three opinions of record to be unpersuasive and of minimal probative value. 

The negative aggravation opinion offered by the June 2017 VA examiner is supported by a rational that is inadequate. Specifically, the examiner relied on one statement from an August 2016 psychiatry note in which the Veteran reports, “Sleeping Good. Finally got things worked out! Found the right combination.” In response, the Veteran explained that the aforementioned statement was taken out of context by the June 2017 VA examiner, and was in fact made in response to initiating sleep and not the issues he experiences during sleep, due to his OSA. The Board agrees with the Veteran. Treatment records, both VA and private, notate several complaints concerning the Veteran’s inability to initiate sleep. The February 2016 psychiatry outpatient note and private PTSD evaluation both note the Veteran’s difficulty falling asleep. Thus, the VA opinion concerning aggravation is inadequate. 

Both the March 2017 and July 2017 private opinions support their conclusions by referring to medical research showing that PTSD can in fact aggravate upper airway dysfunction, such as sleep apnea. However, no specific citations to relevant medical literature were provided. As such, both opinions are inadequate. 

Notably, the June 2016 treatment record reports the Veteran’s sleep issues, including initiating and maintaining sleep started to improve as he was able to better manage his PTSD symptoms with medication and a PTSD support group. Additionally, the Veteran provided several articles showing the correlation between sleep disturbance conditions, including sleep apnea, and PTSD.

Accordingly, when resolving all doubt in the Veteran’s favor, the Board concludes that a grant of service connection for a sleep apnea disability as secondary to the service-connected PTSD disability is warranted as there is evidence of a current obstructive sleep apnea disability as well as a nexus or relationship between this disability and his service-connected PTSD disability.

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Russell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.